*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* RENNO, Minors.

UNPUBLISHED
October 20, 2022

No. 361014
St. Clair Circuit Court
Family Division
LC No. 20-000229-NA

Before: RICK, P.J., and O'BRIEN and PATEL, JJ.

PER CURIAM.

Respondent[1] appeals as of right the trial court's order terminating his parental rights to his minor children, CR and JR, pursuant to MCL 712A.19b(3)(c)(*i*) (conditions leading to adjudication continue to exist), (g) (failure to provide custody and care despite financial means to do so), and (j) (risk of harm to child if returned to parent). Because we find that at least one ground for statutory termination was established by clear and convincing evidence and that termination is in the best interests of the children, we affirm.

## I. BACKGROUND

In August 2019, the Department of Health and Human Services (DHHS) filed a petition to remove CR and JR from the mother's care because of neglect and abuse. Because the mother had sole custody and respondent was on parole and residing at a halfway house, the children were temporarily placed with the paternal grandfather and his wife. In March 2020, guardianship was established with the paternal grandfather. Through the guardianship, a court-structured plan was developed, which included maintaining employment, obtaining suitable housing, undergoing

---

[1] The initial petition in this case also named the children's mother as a respondent and requested termination of her parental rights to CR, JR, and a third child unrelated to respondent-father. The mother's rights were terminated for all three children, and she is not a party to this appeal. Accordingly, we simply refer to respondent-father as "respondent" and respondent-mother as "the mother."

substance abuse evaluations, and random drug screens twice weekly. But respondent failed to comply with the plan.

In December 2020, DHHS filed a petition requesting that the trial court take jurisdiction over CR and JR, enter an order removing the children from respondent's care, and terminate his parental rights pursuant to MCL 712A.19b(3)(e) (failure to comply with court-structured guardianship plan), (g), and (j).[2] Respondent pleaded no contest to the petition[3] and the court assumed jurisdiction of the children in January 2021.

Initially, respondent made progress. But that progress was short-lived. He missed every required drug and alcohol screen between March 26 and June 15, 2021. In April 2021, he cut off contact with the foster care caseworker and stopped attending the scheduled weekly supervised visitations with the children. He attempted to visit the children outside of his scheduled time, but he was turned away several times because he was intoxicated and acting belligerently. He failed to effectively address his alcohol and substance use disorders, which contributed to five separate periods of incarceration from May 2021 through March 2022.[4] He also failed to complete services, secure employment, or find housing.

In November 2021, DHHS filed a supplemental petition seeking termination of respondent's parental rights. Following a bench trial, the trial court concluded that there was clear and convincing evidence supporting termination under MCL 712A.19b(3)(c)(*i*), (g), and (j) and that termination was in the children's best interests. The trial court found respondent's "testimony to be evasive, disingenuous, outright untruthful at times." The trial court concluded that respondent's "inability to put together chronologies at least in part appears to be deliberate because his chronologies get poorer when he thinks there is an advantage to be gained from not acknowledging specific dates." This appeal followed.

## II. STANDARDS OF REVIEW

We review a trial court's factual findings regarding statutory grounds for termination of parental rights and the decision to terminate parental rights for clear error. MCR 3.977(K); *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). We also review a trial court's decision that termination is in a child's best interests for clear error. *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016). A finding is clearly erroneous when this Court is "left with a definite and firm conviction that a mistake has been made." *Id.* (quotation marks and citations omitted). "To

---

[2] The trial court dissolved the guardianship for CR and JR the same day that the petition was filed.

[3] Before respondent pleaded no contest, DHHS amended the petition's factual allegations and withdrew its request for termination.

[4] Respondent was incarcerated over the following dates: May 3, 2021 to May 4, 2021; June 17, 2021 to June 18, 2021; September 30, 2021 to November 17, 2021; December 16, 2021 to January 13, 2022; and in February 2022 with an expected release date of April 25, 2022 at the time of the March 15, 2022 trial. The charges included two separate, alcohol-involved offenses—one for trespassing and one for operating a vehicle while intoxicated (OWI)—as well as a parole violation for failure to comply with required drug screenings.

be clearly erroneous, a decision must be more than maybe or probably wrong." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

## III. STATUTORY GROUNDS

Respondent argues that there was insufficient evidence to terminate his parental rights. We disagree.

The trial court terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j). "In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). If at least one statutory ground for termination is established, "we need not consider whether the other grounds cited by the trial court also supported the termination decision." *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009).

A trial court may terminate a respondent's parental rights under MCL 712A.19b(3)(c)(*i*) if "182 or more days have elapsed since the issuance of an initial dispositional order" and "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." Termination of parental rights is proper under MCL 712A.19b(3)(c)(*i*) when "the totality of the evidence amply supports that [the respondent] ha[s] not accomplished any meaningful change in the conditions" that led to the adjudication, *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009), "despite time to make changes and the opportunity to take advantage of a variety of services[,]" *White*, 303 Mich App at 710 (quotation marks and citation omitted). Incarceration alone does not constitute grounds for termination. *In re Mason*, 486 Mich 142, 146; 782 NW2d 747 (2010).

It is undisputed that, at the time of termination, more than 182 days had elapsed since the initial disposition order was entered. But respondent argues that he was making progress to stay sober and he anticipated that he would have employment and suitable housing when he completed his jail sentence.[5] He maintains that his short-term progress from January 2021 through April 2021 showed that "he has the tools and abilities to be a sober and productive member of society."

As the trial court recognized, respondent has not effectively addressed his alcohol and substance use disorders. He attended several rehabilitation programs, but achieved no meaningful success. He relapsed multiple times. He missed 22 mandatory drug screens. He was involved in several alcohol-related offenses that resulted in five separate period of incarceration during the underlying proceedings. In fact, he was incarcerated at the time of trial. His failed sobriety has impacted his ability to maintain employment, stable housing, and a consistent parental relationship with the children. Because he abandoned contact with the foster care caseworker for over six months, he did not participate in services that were available to rectify the issues that led to the court's jurisdiction. At trial, respondent refused to accept responsibility for his contributions to his unemployment, homelessness, criminal offenses, and failed sobriety. Instead, he made excuses and placed blame on others.

---

[5] Respondent did not present any evidence at trial to support these assertions.

Respondent had ample time to make changes and take advantage of a variety of services that were available, but failed to do so. The totality of the evidence amply supports that respondent did not accomplish any meaningful change in the conditions that existed at the time of the adjudication, and there is no reasonable likelihood that the conditions would be rectified within a reasonable time considering the children's ages. Accordingly, we are not left with a definite and firm conviction that a mistake has been made in finding that termination was proper under MCL 712A.19b(3)(c)(*i*). See *In re Ellis,* 294 Mich App at 33.

Because the trial court did not err by holding that statutory grounds for termination had been proven under MCL 712A.19b(3)(c)(*i*), we need not address its holding regarding statutory grounds for termination under MCL 712A.19b(3)(g)[6] or (j).[7] *Foster*, 285 Mich App at 633.

## IV. BEST INTERESTS

Respondent further argues that the trial court clearly erred by concluding that it was in the children's best interests to terminate respondent's parental rights. We disagree.

Whether termination is in the children's best interests must be established by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The focus of the best-interest determination is on the child, not the parent. *In re Schadler*, 315 Mich App at 411. Factors to be considered for purposes of the best-interest analysis include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). Other relevant factors include "the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App at 714. In addition, the trial court may consider a parent's substance abuse problems. *In re AH*, 245 Mich App 77, 89; 627 NW2d 33 (2001). If a child is in the care of a relative at the time of the termination hearing, the trial court must also explicitly address that factor. *In re Mason,* 486 Mich 142, 164; 782 NW2d 747 (2010). "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5).

Respondent's love for his children is not questioned. But the record reflects that the children had serious concerns about his substance abuse and were skeptical of his ability to maintain his sobriety. The testimony further reflects that the bond between respondent and the

---

[6] The trial court failed to address respondent's financial ability, as required under MCL 712A.19b(3)(g). This was clearly erroneous, but because only one statutory ground need be established, *Foster*, 285 Mich App at 633, termination was nevertheless warranted, and any such error was harmless.

[7] We note that this Court has held that "a parent's failure to comply with the terms and conditions of his or her service plan is evidence that the child will be harmed if returned to the parent's home." *White*, 303 Mich App at 711.

children had diminished during the time that they had been apart because he failed to maintain any meaningful contact with them after April 2021. For over 2 ½ years, the children lived with their paternal grandfather and his wife. That relationship is bonded and stable. As the trial court recognized: "It's so bonded and stable that the children have managed to work through whatever trauma they had from what was happening before, and were released by their counselor in the middle of the process." The grandparents are willing to adopt CR and JR. The children's need for permanence, stability, and long-term safety outweigh any bond that may exist with respondent.

Respondent argues that the trial court should have considered other options such as guardianship. But respondent made negligible progress during the previous guardianship. He made minimal progress after the trial court assumed jurisdiction. He had 2 ½ years to make progress. He has been afforded a reasonable opportunity to rectify his issues. We conclude that the trial court did not clearly err in finding that termination of respondent's parental rights was in CR and JR's best interests.

## V. CONCLUSION

For the reasons stated in this opinion, we affirm the trial court's order terminating respondent's parental rights.

/s/ Michelle M. Rick
/s/ Colleen A. O'Brien
/s/ Sima G. Patel